UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KOLBEY KESLER,<br><br>                    Plaintiff,<br><br>       v.<br><br>PUGET SOUND & PACIFIC<br>RAILROAD, a Delaware corporation,<br><br>                    Defendant. | CASE NO. 3:20-cv-06075-RJB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. 14) |

THIS MATTER comes before the Court on Plaintiff Kolbey Kesler's Motion to Compel. Dkt. 14. The Court has considered the pleadings filed regarding the motion and the remaining file.

I.      BACKGROUND

Plaintiff brings this lawsuit against his former employer, Defendant Puget Sound & Pacific Railroad ("PSAP") for injuries he sustained in a logging incident on January 29, 2018.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. 14) - 1

Dkt. 23.  Plaintiff filed his complaint on November 2, 2020, in which he alleges negligence under 45 U.S.C. § 51-60 (Federal Employers Liability Act).  Dkt. 1.

On July 7, 2021, Plaintiff filed the pending motion to compel.  Defendant asks the Court to deny Plaintiff's motion in full.  Dkt. 19.

## II.  DISCUSSION

Based on Plaintiff's reply (Dkt. 23), the following discovery requests remain at issue:

- **Request No. 3**: Produce any recital or statement taken in connection with any interview, whether written, recorded, or otherwise, conducted by Defendant of Plaintiff, any employee(s), agent(s), or representatives known or believed by Defendant to have information or knowledge relevant to the incident and/or events as described in Plaintiff's Complaint.

- **Defendant's objection**: Defendant maintains that four "Written Statements" and three "Personal Injury/Witness Reports" taken on January 29 and 30, 2018 are protected by Work-Product / Attorney-Client Privilege.

- **Court's Order**: Defendant does not demonstrate that these documents are protected.

The party asserting privilege has the burden of establishing the applicable privilege.  *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 392 (citing *United States v. Richey*, 632 F.3d 559, 556 (9th Cir. 2011)).  Attorney-client privilege shields from discovery "[c]onfidential disclosures made in order to obtain legal assistance[.]" *Fisher v. United States*, 425 U.S. 391, 403 (1976).

Plaintiff does not demonstrate that the statements and reports at issue were made by the client in order to obtain legal assistance.  Therefore, attorney-client privilege does not shield them from discovery.

The work-product doctrine protects "written statements, private memoranda, and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).  These products, however, are not always protected.  Instead, courts in the Ninth Circuit, use the "because of" test to determine whether material was prepared in anticipation of litigation, and is therefore protected, or whether it would have been prepared for other reasons, and is therefore discoverable.  *See United States v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011).

There are numerous reasons to prepare an incident report after a workplace accident.  Plaintiff does not demonstrate that the materials at issue were prepared because of anticipated litigation.

Therefore, neither attorney-client privilege, nor the work product doctrine protect four written statements and three witness reports from discovery.  Plaintiff's motion should be granted as to these materials.

- **Request No. 4**: With regard to the January 29, 2018 incident as described in Plaintiff's Complaint, produce the following documents:

    a. All accident reports

    b. All personal injury reports;

    c. Supervisor's or manager's reports including the "key" necessary to understand or to interpret the data contained in said report(s);

      d. FRA Forms F6180.98 (Alternate);

      e. Handwritten statements or incident statement form(s);

      f. Computer-generated reports; and

      g. Electronically stored-information, including emails.

- **Defendant's objection**: The same materials and objections appear to be at issue in this Request as for Request No. 3.

- **Court's Order**: Neither attorney-client privilege, nor the work product doctrine shield the statements and reports at issue for the same reasons listed in the previous section.

- **Request No. 5**: Plaintiff requests "copies of all documents, including but not limited to training films, videos, DVD's, CD's, tapes, books, railroad safety or operational rules or regulations, memoranda, video presentations, power point presentations, materials, operational manuals, computer-generated and/or electronically stored documents or information that were used or relied on by the Defendant, its agents or employee, during the period from January 15, 2015 through December 31, 2018, to instruct, train and/or teach its employees the proper methods, procedures, customs, practices, best practices, or techniques to employ or utilize when engaged in logging operations to include but not be limited to tree removal or felling, removal or clearing of fallen or ledged tree, dangerous tree assessment(s), overhanding tree branch removal or clearing, and limbing or cutting branches off fallen or felled trees. . ."

- **Defendant's objection**: Defendant claims that it produced all responsive documents on February 23, 2021 and July 8, 2021.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. 14) - 4

- **Court's order**: Failure to produce discoverable information may result in sanctions. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Defendant cannot, however, produce material that does not exist. Plaintiff's motion to compel based on Request No. 5 should be denied to the extent that Defendant already produced all discoverable material. Defendant may be subject to sanctions if it later becomes clear that it suppressed discoverable material.

- **Request Nos. 7 & 8**: Both requests Nos. 7 & 8 request investigation-related documents.

- **Defendant's objection**: Defendant references the privilege log, which appears to include the same information that was at issue for Requests Nos. 3 & 4. Defendant similarly asserts attorney-client privilege and work product doctrine.

- **Court's order**: It is not clear how the information sought here is different than the requests sought by Request Nos. 3 & 4. Plaintiff's motion should be granted to the extent that it is duplicative.

- **Request No. 11**: This request seeks photographs and diagrams relating to the accident.

- **Defendant's objection**: Defendant claims it produced non-privileged photographs and diagrams.

- **Court's order**: To the extent that Defendant is withholding additional photographs or diagram created in the days following Plaintiff's accident, as was at issue for Requests 3 & 4, Plaintiff's motion should be granted for the same reasons discussed above.

- **Request No. 21**: Plaintiff seeks copies of documents outlining the physical demands, salary scales, location, etc. of "each and every railroad job that Defendant has open which it claims Plaintiff could perform." Plaintiff claims this is relevant to Defendant's claim of failure to mitigate damages.

- **Defendant's objection**: Defendant claims this request is overly burdensome because "[j]ob openings fluctuate daily and pinpointing Plaintiff's specifical medical conditions and restrictions at a given time and then determining what jobs may have been available" is overly burdensome. Dkt. 19 at 5.

- **Court's order**: Defendant need not produce an accurate daily recital of all potential railroad jobs that the Plaintiff may be able to perform, but real-life examples of railroad jobs it believes that Plaintiff could perform is relevant and proportional to the claim of failure to mitigate damages. Defendant must respond to this request with such a list.

- **Interrogatory Nos. 1, 2, 3, 4**: Plaintiff requests additional information related to persons with knowledge of the accident at issue.

- **Defendant's objection**: Defendant claims that it produced the requested information and it is unclear what else Plaintiff seeks. Defendant states that additional information related to these requests was not discussed during the parties' meet and confer conference.

- **Court's order**: Local Civil Rule 37 requires that parties meet and confer in an effort to resolve all disputes before filing a motion to compel. Plaintiff's motion should be denied to the extent that the Parties did not satisfy this requirement.

- **Interrogatory Nos. 10 & 11**: Plaintiff requests information about investigation results.
- **Defendants objection**: Defendant argues that it produced all discoverable material.
- **Court's order**: Again, it is unclear how the discovery at issue here is different than that requested by Request Nos. 3 & 4. Plaintiff refers to this discovery as "investigation results." To the extent that the information sought through these interrogatories is duplicative to that requested by Nos. 3 & 4, Plaintiff's motion should be granted.

For the foregoing reasons, Plaintiff's motion to compel (Dkt. 14) **IS GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 4th day of August, 2021.

ROBERT J. BRYAN
United States District Judge