UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KOLBEY KESLER,<br><br>     Plaintiff,<br>  v.<br><br>PUGET SOUND & PACIFIC RAILROAD,<br>a Delaware corporation,<br><br>     Defendant. | CASE NO. 3:20-cv-06075-RJB<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO STRIKE (DKT. 35) |

This matter comes before the Court on Plaintiff's Fed. R. Civ. P. 37(c) Motion to Strike Defendant's F.R.E. 702, 703 and 705 Expert Witnesses Larry Sorensen, Winsten Rall, and Designation of Plaintiff's Medical Providers (Dkt. 35).

For the reasons set forth in this Order, Plaintiff's motion should be denied.

**I. BACKGROUND**

This is a workplace personal injury lawsuit arising out of an incident on January 29, 2018, in which a tree fell on Plaintiff, Kolbey Kesler, and pinned him to the ground while he was working for Defendant, Puget Sound & Pacific Railroad (PSAP). Dkt. 1.

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (DKT. 35) - 1

This matter is set for trial, and the deadline for expert witness disclosures passed on December 10, 2021.  Dkt. 28.  There are currently three motions to strike expert testimony pending before the Court, all of which are ripe for consideration.  This Order addresses only the first (Dkt. 35).  In the pending motion, Plaintiff moves to strike three of Defendant's disclosed expert witnesses: Larry Sorensen, the general manager of PSAP; Winsten Rall, an employee of a third-party company who gave Plaintiff and other PSAP employees chainsaw training; and "Plaintiff's pre- and post-accident medical providers."  *Id.*

Defendant concedes to withdraw Plaintiff's pre- and post-accident medical providers from its expert witness disclosures.  Dkt. 52.  Based on the parties' stipulation, the deadline to provide rebuttal expert disclosures has not yet passed, and Defendant reserves the right to name certain providers as rebuttal experts.  Because this concession resolved that matter from Plaintiff's motion, the remaining unresolved issues before the Court are the testimony of Larry Sorensen and Winston Rall.

## II.   DISCUSSION

**A.  Plaintiff's Motion to Strike Sorensen and Rall**

Plaintiff argues that PSAP should be barred from calling both witnesses under Fed. R. Civ. P. 37(c)(1) for failure to comply with Fed. R. Civ. P. 26(a)(2)(C).

A witness disclosure under Rule 26(a)(2)(C) "must state: (i) the subject matter on which the witness is expected to present evidence . . .; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  "The purpose of these disclosure requirements is to 'prevent surprise testimony by ensuring that opposing parties are aware of the nature of the expert opinions prior to trial." *Lancaster v. Kordsiemon*, 1:15-cv-00239-BLW, 2016 WL 3129104, at *1 (D. Idaho June 2, 2016) (quoting *DR Syst., Inc. v. Eastman Kodak Co.*, 2009 WL

2982821, at *3 n.2 (S.D. Cal. Sept. 14, 2009)).  Rule 37(c)(1) gives teeth to the disclosure requirements by prohibiting a party from using information at trial that was not properly disclosed "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Larry Sorensen is the General Manager of PSAP.  Dkt. 52 at 2.  He was responsible for investigating Plaintiff's accident and determining responsibility.  *Id.* (citing Dkt. 53-1 at 4).  He also met with Plaintiff on multiple occasions after the accident.  *Id.*  Plaintiff deposed him on two occasions, first on August 26, 2021, and continuing on September 13, 2021.  *Id.*

PSAP disclosed that Sorensen is anticipated to "testify consistent with his depositions, and provide opinions formulated as a result of his post-accident analysis and investigation into plaintiff's chainsaw training."

Plaintiff does not demonstrate that Sorensen's testimony at trial would be surprising.  PSAP's disclosure gives notice of the likely factual scope of his testimony, and Sorensen's depositions give notice of the opinions he is likely to offer.  *See* Dkt. 53-1 (excerpts from Sorensen deposition).  Plaintiff may object at trial should Sorensen's testimony veer into surprising territory.

Winston Rall is an employee of Site Response, a third-party company PSAP hired to give PSAP employees chainsaw training.  Dkt. 52 at 2.  Rall gave Plaintiff chainsaw training.  *Id.*  Plaintiff subpoenaed and appears to have all Site Response records pertaining to Plaintiff's chainsaw training, including documents and materials used to instruct and train Plaintiff on the proper methods, procedures, best practices, or techniques utilized when engaged in logging operations and tree removal.  *Id.*

PSAP disclosed that Rall is anticipated to "testify consistent with his chainsaw training PowerPoint materials produced in discovery" and "regarding his training and experience with forestry service and as an instructor for Site Response. He will testify regarding the training provided to PSAP employees and what is required to obtain chainsaw training certification through Site Response. Rall will also rely on his personal knowledge, education, training, and expertise in formulating his opinions." Dkt. 36-1 at 3–4.

PSAP's disclosure about Rall provides notice of the facts for which he is likely to testify, but it does not provide clear notice of his opinions or conclusions. According the PSAP, it intends to rely on Rall primarily as a fact witness and disclosed him as an expert witness "out of an abundance of caution" so that he may draw on his extensive training and experience in forestry management and chainsaw safety training to provide expert opinion. Dkt. 52 at 5. If Rall purports to offer opinions beyond the scope of his disclosure and beyond the scope of permitted opinion testimony by a lay witness under Federal Rule of Evidence 701, then Plaintiff may object to that at trial.

### III.   ORDER

- Plaintiff's Motion to Strike (Dkt. 35) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of January, 2022.

_____
ROBERT J. BRYAN
United States District Judge