UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KOLBEY KESLER,<br><br>               Plaintiff,<br><br>    v.<br><br>PUGET SOUND & PACIFIC RAILROAD,<br>a Delaware corporation,<br><br>               Defendant. | CASE NO. 3:20-cv-06075-RJB<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE OPINIONS OF DEFENDANT'S DESIGNATED RETAINED EXPERT WITNESS MICHAEL J. BATTAGLIA, M.D. |

      This matter comes before the Court on Plaintiff's Motion to Strike Opinions of Defendant's Designated Retained Expert Witness Michael J. Battaglia, M.D. (Dkt. 38). The Court has considered both Parties' filings regarding the motion and the remaining record. For the reasons set forth in this order, Plaintiff's motion should be granted in part.

      **I.    BACKGROUND**

      Plaintiff brings this lawsuit against Puget Sound & Pacific Railroad under the Federal Employers' Liability Act, 45 U.S.C. § 51, for injuries he allegedly sustained while working for the Defendant. In the pending motion, Plaintiff moves to strike portions of the Examination

Report, Addendum Report, and Rebuttal Report filed by Defendant's medical expert, Dr. Battaglia.  Dkts. 38 and 39-1.

## II.   DISCUSSION

Plaintiff argues that Dr. Battaglia provides improper opinions about Plaintiff's counsel, physicians, and this lawsuit; improper opinions about Plaintiff's psychiatric/psychological condition; and improperly recites factual information from external sources.  The Court agrees that some statements in his report improperly use facts to reach opinions beyond the scope of his medical expertise and that those statements should be stricken.

Under Federal Rule of Evidence 702, a qualified expert witness may testify in the form of opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert*, the Supreme Court stated that "under the Rules [of Evidence] the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."  509 U.S. 579, 589 (1993).  In other words, the trial court must ensure that proffered expert testimony is relevant and "does not include unsubstantiated speculation and subjective beliefs."  *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) (citing *Daubert*, 509 U.S. at 589).  Both the expert's "basis in the knowledge and expertise of the relevant discipline" must be reliable, *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (citing *Daubert*, 509 U.S. at 592), along with the soundness of the expert's methodology.  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (courts must "exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards.").  The party

offering expert testimony bears the burden of establishing its reliability and admissibility.  See *Daubert*, 509 U.S. at 592 n.10.

**1.  Opinions Regarding Counsel, Physicians, and this Lawsuit**

Certain opinions in Dr. Battaglia's reports improperly speculate on areas outside of his expertise, and Plaintiff's motion to strike should be granted as to those statements.

Statement 1: "Mr. Vucinovich admits to referring his client to see a mental health provider. (*Dr. Battaglia's comment: This is, in my opinion, inappropriate as there are clear secondary and tertiary gain issues when a plaintiff attorney tries to refer somebody to some sort of provider to get treatment. It is not the role of an attorney to refer their client to a subspecialist in my opinion. This is the role of a primary care doctor, not an attorney. They have no training whatsoever in medicine, and this simply is to try to, in my opinion, get more ink in the chart for charges for the case, which often translate to, as we all know, further pain and suffering damages awards.*"  Dkt. 39-2 at 13.

Ruling 1: Dr. Battaglia may offer his opinion as to to the role of a primary care doctor, but he may not speculate on the proper role of an attorney or on an attorney's possible motivations.  Plaintiff's motion to strike should be granted as to this statement, except to the extent that it opines on the role of a primary care doctor.

Statement 2: "Matthew Grierson, MD, refers the claimant for a[n] [evaluation] to Pacific rehabilitation Centers. (*Dr. Battaglia's comment: This is quite suspicious as Matthew Grierson is from Seattle Spine & Sports Medicine, which is the physiatry group that does basically 99 percent of all plaintiff expert work in the Seattle and state of Washington region, and this referral is made June 3, 2021, so long after the prior functional capacities evaluation and is made to a different rehabilitation center in Seattle. It does, in

*fact, note that the forensic functional capacities evaluation was, indeed, ordered by the plaintiff attorney and very specifically notes in the record June 3, 2021, in bold the* **<u>referral source is Dr. Grierson, not Rossi Vucinovich, and notes that he will pay $1800 directly to the rehabilitation center (the claimant of course likely at the direction of plaintiff counsel).</u>** *. . . It is clear that the plaintiff attorney referred the claimant to Dr. Grierson and then subsequently was referred with a check to Pacific Rehabilitation Centers, paid in full for their request for services that have already been provided eight months prior.  The plaintiff attorney only wants a different opinion that is favorable to the financial aspects of the case and of course support the disability conviction of the claimant.*).  Dkt. 39-2 at 22.

Ruling 2: Dr. Battaglia may not offer his opinion on Plaintiff's counsel's possible motivations or legal strategy.  Statements like "It is clear that the plaintiff attorney referred the claimant to Dr. Greirson . . . [because] plaintiff attorney only wants a different opinion that is favorable" are speculation that fall outside his area of expertise.  Dr. Battaglia also may not testify to facts, such as Seattle Spine & Sports Medicine does 99 percent of regional plaintiff work, without proper foundation. Plaintiff's motion to strike should be granted as to this statement.

Statement 3: "Notes he recently underwent a functional capacities evaluation, and it was determined that he can return to work on a full-time basis, but he would be unable to do a lot of walking, standing on uneven ground, or lifting 150 pounds plus.  He was unable to return to that position and is currently waiting for his employer to assign a different position to him. (*Dr. Battaglia's comment: Again, this is in direct conflict with the claimant's testimony indicating that his perception was that he could only work one to*

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE OPINIONS OF DEFENDANT'S DESIGNATED RETAINED EXPERT WITNESS MICHAEL J. BATTAGLIA, M.D. - 4

*two hours a day. Clearly, in this job he is conveying to his therapist that he can actually work a full-time job with limited ambulation.)*" Dkt. 39-2 at 22.

Ruling 3: Dr. Battaglia may note inconsistencies in Plaintiff's testimony and explain how they influenced his medical opinion, but this statement does not reach a medical opinion. Instead, it recites facts and reaches a conclusion allegedly based in general logic, not Dr. Battaglia's medical expertise. Plaintiff's motion to strike should be granted as to this statement.

Statement 4: "Follow-up visit with Dr. Grierson where he indicates that he is considering the diagnosis of complex regional pain syndrome. (*Dr. Battaglia's comment: This is a wastebasket diagnosis. Probably the premier trauma center in the United States is the Harborview Medical Center, and I am certain that the doctors there, particularly the foot and ankle specialists, would be well aware of this diagnosis and would have entertained it previously. In addition, this doctor entertaining this diagnosis does not take into account that one of the primary factors in complex regional pain syndrome is the intolerance to cold when, clearly, this is contrary to the medical records that the claimant indicates that he likes to ice his leg and has been undergoing icing for over a year, which is helpful to him, as well as elevation. There is no mention of any skin changes or hair loss or any of the other hallmark signs that would indicate this claimant would benefit from this sort of intervention.*)"

Ruling 4: Dr. Battaglia may offer testimony based in his medical expertise on factors that should or should not be considered to reach a medical diagnosis. So, for example, he may offer his medical opinion about whether he believes that a doctor failed to consider important factors and whether that, in his medical opinion, led to an incorrect diagnosis

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE OPINIONS OF DEFENDANT'S DESIGNATED RETAINED EXPERT WITNESS MICHAEL J. BATTAGLIA, M.D. - 5

of complex regional pain syndrome. He may not give an opinion that doctors at Harborview Medical Center would have certainly reached a certain diagnosis if that diagnosis had merit because it is speculation. Plaintiff's motion to strike as to this statement should denied to the extent that it relates to factors a doctor should consider to reach a medical diagnosis, and otherwise granted.

Statement(s) 5: Plaintiff also moves to strike multiple statements on the grounds that they are improper testimony regarding Plaintiff's credibility. For example, that "[t]his is likely the most accurate information on how the claimant is doing from his physical therapy notes, as this is likely not influenced by any secondary or tertiary gain factors and likely indicates the claimant is having some difficult with ambulation," Dkt. 39-2 at 18–19, and "[t]he examination is really clouded with symptom exaggeration, pain behavior, and nonanatomic complaints, which I will outline, and it makes it very difficult to get good objective evidence of what is going on with the claimant," Dkt. 39-2 at 25.

Ruling 5: Both statements could be admissible to the extent that they are offered to explain factors Dr. Battaglia considered to reach a medical conclusion. As a medical expert, he can reach an opinion about Plaintiff's medical diagnosis and explain the process he used to reach that conclusion. This may require explaining his assumptions and evidentiary judgments. Plaintiff's motion to strike should be denied without prejudice as to these statements.

**2. Testimony About Plaintiff's Psychological Condition**

Plaintiff challenges Dr. Battaglia's conclusion that "[i]t is my strong opinion that this claimant likely has a psychiatric condition, such as a somatoform disorder. I think the psychiatric and psychological condition of this claimant should be evaluated by a professional."

As a qualified medical expert, Dr. Battaglia may offer his opinion about Plaintiff's medical diagnosis. He explains in his report how he reached that conclusion, *see* Dkt. 39-2 at 28–29, and it is not clearly the result of unsubstantiated beliefs or speculation. Therefore, it should not be stricken at this time.

### 3. Facts and Evidence

As discussed earlier in this order, Dr. Battaglia's report includes some improper opinions that rely on facts and evidence to reach conclusions outside his area of expertise. Rule 26(a)(2)(B)(ii), however, requires that expert reports include a summary of facts and data considered by the expert in reaching conclusions. Many of the facts and evidence in Dr. Battaglia's report are used this way and may be admissible. *See e.g.*, Dkt. 39-2 at 25 – 27. Plaintiff may object at trial should improper fact testimony become an issue.

### III.   ORDER

- Plaintiff's Motion to Strike Opinions of Defendant's Designated Retained Expert Witness Michael J. Battaglia, M.D., **IS GRANTED in part** and otherwise denied without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 31st day of January, 2022.

ROBERT J. BRYAN
United States District Judge