UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KOLBEY KESLER,<br><br>                Plaintiff,<br>   v.<br><br>PUGET SOUND & PACIFIC RAILROAD,<br>a Delaware corporation,<br><br>                Defendant. | CASE NO. 3:20-cv-06075-RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF SCOTT BAKER IN PART |

      This matter comes before the Court on Defendant Puget Sound & Pacific Railroad's Motion to Exclude Expert Testimony of Scott Baker (Dkt. 40).  The Court has considered the Parties' filings in support of an opposition to the motion and the remaining file, and the issue is ripe for consideration.  For the reasons discussed in this order, Defendant's motion should be granted in part.

    **I.**      **BACKGROUND**

      Plaintiff brings this lawsuit against Puget Sound & Pacific Railroad pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, for injuries he allegedly sustained while doing

1  tree removal work for the Defendant.  Plaintiff designated Scott Baker as an expert witness, and
2  he issued an expert report.  He is an experienced arborist certified by the International Society of
3  Arboriculture (ISA) as a Master Arborist and Qualified Tree Risk Assessor.  Dkt. 50 at 1.  The
4  Parties agree that Baker is a qualified arborist, but they dispute the range of topics to which he
5  may testify.

6  **II.     DISCUSSION**

7  Certain portions of Baker's expert report offer opinions beyond the scope of his expertise
8  and should be excluded.

9  Under Federal Rule of Evidence 702, a qualified expert witness may testify in the form of
10 opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will
11 help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony
12 is based on sufficient facts or data; (c) the expert has reliably applied the principles and methods
13 to the facts of the case. In *Daubert*, the Supreme Court stated that "under the Rules [of Evidence]
14 the trial judge must ensure that any and all scientific testimony or evidence admitted is not only
15 relevant, but reliable." 509 U.S. 579, 589 (1993).  In other words, the trial court must ensure that
16 proffered expert testimony is relevant and "does not include unsubstantiated speculation and
17 subjective beliefs." *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997)
18 (citing *Daubert*, 509 U.S. at 589).  Both the expert's "basis in the knowledge and expertise of the
19 relevant discipline" must be reliable, *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149
20 (1999) (citing *Daubert*, 509 U.S. at 592), along with the soundness of the expert's methodology.
21 *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (courts must "exclude junk
22 science that does not meet Federal Rule of Evidence 702's reliability standards."). The party
23
24

ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF SCOTT BAKER IN PART - 2

offering expert testimony bears the burden of establishing its reliability and admissibility. *See Daubert*, 509 U.S. at 592 n.10.

The following portions of Baker's expert report do not meet this standard:

- "Kessler had insufficient training and experience for the task at hand on the night of his injury." Dkt. 41-1 at 2.
    - Baker may testify to what training is necessary to perform certain tasks, but the question of whether the Plaintiff's training was sufficient is a question of fact for the jury.
- "There appears to have been no urgent need to address the trees blocking the railroad right of way during the night in poor weather." *Id.*
    - Baker may testify based on his expertise to the risk posed by certain circumstances, but he may not testify to whether PSAP had an urgent need to act. Whether PSAP had a need to act is a question of fact, and it may depend on factors outside of his knowledge and expertise.
- "The formal job briefing form normally required was not utilized." *Id.* at 3.
    - Baker may, if he knows, testify to whether there is a formal job briefing form that is normally utilized, but he may not testify to whether it was used in this situation because it is that is a question of fact and he does not have personal knowledge about what briefing was done.
- "Mr. Kesler did not appear to understand the danger that making a cut into a large tree trunk under tension posed." *Id.*

ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF SCOTT BAKER IN PART - 3

- o   Baker may testify to the danger posed by cutting into a large tree trunk under tension, but he may not testify to Plaintiff's state of mind at the time of the accident.
- "The lighting would have lit the scene inadequately, and in the dark and in weather conditions would have left areas of the site in shadow and badly illuminated." *Id.* at 4.
  - o   Baker may testify to what lighting would be adequate, but he may not testify to whether the site was adequately lit at the time of the incident. He does not have personal knowledge of the lighting or weather conditions at the site at the time of the accident.
- "Industry practices do not support working during a storm and in the dark except in critical situations which this was not." *Id.*
  - o   Baker may offer his opinion on what constitutes a critical situation, but he may not testify to whether this was a critical situation because that is a question for the jury.

More generally, Defendant argues that Baker is not qualified to render opinions about: (1) the adequacy of the chainsaw training Plaintiff and his crew mates received; (2) the suitability of the lighting available at the time of Plaintiff's accident; (3) the qualifications of the crew sent to remove the trees; or (4) the urgency of PSAP's need to address the trees blocking tracks. Dkt. 57 at 1. The Court's ruling on these categories is reflected in the portions of Baker's report listed above. Baker may generally offer opinions about chainsaw training, necessary lighting conditions, and crew qualifications because they arise out of his experience as an arborist, which requires knowledge to assess conditions, training, and qualifications to safely remove trees. He

may not, however, testify to facts for which he does not have personal knowledge or offer opinions about whether PSAP acted reasonably, which is a question for the jury.

Defendant also argues that Baker offers opinions without demonstrating their reliability because he does not explain his methodology or base his opinions on official industry standards. *See id.* at 3–4. Baker may base his opinions on his experience and knowledge. In other words, his methodology may be weighing factors based on his experience without an official industry standard. Defendant may, however, object at trial if Baker offers opinions outside the scope of his knowledge and experience.

Therefore, Defendant's motion (Dkt. 40) **IS GRANTED in part** and otherwise denied without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 1st day of February, 2022.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF SCOTT BAKER IN PART - 5